CLIFFORD THRIFT, *alias* NEWT THRIFT V. THE STATE.

No. 22657. Delivered December 8, 1943.

The opinion states the case.

*Geo. W. Harwood*, of Dallas, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of an assault with intent to murder, and given a penalty of two years in the penitentiary.

There are no bills of exceptions in the record.

The facts relied upon by the State show that the injured party, together with some friends and relatives, both men and women, had been frequenting some cafes in the City of Dallas in the early morning hours, drinking and eating. Eventually they came to Spruce's cafe, and there they saw a horse hitched to a wagon. The injured party, a soldier, remarked that this horse had only one eye. Appellant, who was standing near, answered that the horse was blind in one eye and couldn't see out of the other. Finally, it is claimed by the State, appellant came up to the car where the complaining witness was located and requested a dime in order to complete the amount of money necessary to purchase some beer. This request was refused. Appellant then went into the tavern, and later returned with some companions, and a fight ensued with the complaining witness, as well as a lady relative with him, and they were rather roughly handled. The complaining witness, Jimmie O'Leary, was knocked down, and appellant then jumped on him, and, locking his legs around O'Leary, cut O'Leary's throat, severing the external jugular vein, saying: "I am going to cut your G - d - head off." O'Leary finally got away from appellant and ran to his car, whereupon appellant cut him in the back, and again he was cut by appellant when he jumped on the car as it left the scene. O'Leary testified the knife used by appellant was a Deep Elm Special, with a blade about four inches long.

Appellant's theory of this difficulty differed materially in many respects from the facts produced by the State, and had the jury believed the same, a different result of the trial could have

been reached. This conflict in testimony came within the province of the jury, and they have settled the same contrary to appellant's contention, and we will not disturb their verdict thereon.

We think the testimony sufficient to establish an assault to murder without malice, as is shown by the verdict, and the judgment is therefore affirmed.